## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **MIN LIN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-908-J** |
| | ) | |
| **TODD BLANCHE, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Min Lin, a noncitizen proceeding with counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1. United States District Judge Bernard M. Jones, II referred the case to the undersigned Magistrate Judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3. The Government responded, Doc. 8, and the time for Petitioner to file a reply has passed. *See* Doc. 6. So the matter is at issue.

## I.    Petitioner was not detained in this District at the time she filed her habeas petition.

This Court has jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A district court may grant a writ of habeas corpus to a petitioner who demonstrates that "[sh]e is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3).

Petitioner states she is a "citizen and national of the People's Republic of China ('China') who has been detained by U.S. Immigration and Customs Enforcement ('ICE') at the Logan County Sheriff's Office and Detention Center, located at 216 S Broad St, Guthrie, OK 73044." Doc. 1, at 1. She asserts that on or about April 23, 2026, she "was arrested in Oklahoma without proper cause," violating the Due Process Clause of the Fifth Amendment. *Id.* at 2.

In the response, Respondents point the Court to the declaration of Deportation Officer George McGettrick, who avers that the Office of Enforcement and Removal Operations (ERO) detained Petitioner in Oklahoma. Doc. 8, at 1 & Ex. 1. On April 24, 2026, ERO transferred Petitioner to the Bluebonnet Detention Center in Anson, Texas. *Id.* Petitioner filed her petition, through counsel, on April 27, 2026. Doc. 1. Petitioner did not reply to the response, so she has not disputed Respondents' claim that she was outside this Court's jurisdiction when she filed her petition.

The relief Petitioner requests arises under § 2241. Accordingly, she must file her claims in the judicial district where she is currently confined. *See* 28 U.S.C. § 2241; *see also Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[T]he general rule . . . for core habeas petitions challenging present physical confinement, [is that] jurisdiction lies in only one district: the district of confinement."). This Court does not have territorial jurisdiction over the

2

Bluebonnet Detention Center which is Petitioner's current place of confinement, or its Warden, who is Petitioner's immediate custodian. The federal district court with territorial jurisdiction over Petitioner's habeas claims is the United States District Court for the Northern District of Texas. *See* 28 U.S.C. § 124(a).

When a civil action is filed in a court that lacks jurisdiction, the court must transfer the action to the judicial district that would have had jurisdiction over the matter at the time the case was filed, unless a transfer is not in the interest of justice. *See* 28 U.S.C. § 1631. Nothing in the record here suggests that a transfer is not in the interest of justice. So the Court should transfer this matter to the United States District Court for the Northern District of Texas under § 1631.

## II.    Recommendation and notice of right to object.

For the reasons stated above, the undersigned recommends the Court transfer this matter to the United States District Court for the Northern District of Texas.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by July 15, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. The undersigned further advises the parties that failure to make timely objections

3

to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 1st day of July, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE